JOYCE STURDY & another[1] *vs.* STATE OFFICE OF
MINORITY AND WOMEN BUSINESS ASSISTANCE.

Norfolk. February 5, 1991. - March 20, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Administrative Law*, Agency, Regulations. *State Office of Minority and
Women Business Assistance.*

The State Office of Minority and Women Business Assistance lacked au-
thority under G. L. c. 23A, §§ 40-44, to adopt regulations, with the
result that a certain business, owned and controlled by a woman, that
met the statutory standards but not the agency's purported regulatory
standards, was entitled to certification as a qualifying business for pur-
poses of that statute. [587-589]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 23, 1988.

The case was heard by *Roger J. Donahue*, J., on a motion
for summary judgment.

*Richard M. Brunell*, Assistant Attorney General, for the
defendant.

*John C. Englander* for the plaintiffs.

NOLAN, J. We affirm the Superior Court judgment setting
aside the ruling of the Division of Administrative Law Ap-
peals, which had upheld the determination of the State Office
of Minority and Women Business Assistance (agency). G. L.
c. 23A, § 40. The Superior Court judge entered summary
judgment for the plaintiffs and ordered the agency to certify
the plaintiffs,[2] Joyce Sturdy and Hancock Electronics Corpo-

---

[1]Hancock Electronics Corporation.

[2]The plaintiffs are described in the record as "Joyce Sturdy, d/b/a/
Hancock Electronics Corporation and Hancock Electronic Corporation."
For facility in identification, we shall refer to the plaintiffs either as Sturdy
or Hancock.

ration, as a women's business enterprise which is defined in G. L. c. 7, § 40N (1988 ed.), as: " 'Women-owned business', any contracting or subcontracting business which is beneficially owned by one or more women meeting the requirements set forth in clauses (1) to (4), inclusive, of the definition of minority business, except that the terms 'women', 'women owners', and 'women-owned business', shall be substituted for the terms 'minority' and 'minority persons', 'minority owners', and 'minority business' appearing in said definition."

A reading of the statute reveals that the deputy commissioner of administration reserves five percent of the estimated construction cost of each capital facility project for certified women-owned businesses. The issue in this case is whether Sturdy and Hancock qualify as a women's business enterprise. We rule that they qualify.

The factual underpinnings are important. Sturdy's husband was a director of Inconix Corporation, and both he and Sturdy had invested in Inconix, which ultimately went into bankruptcy. Sturdy and her husband bought the assets of Inconix at auction, giving the auctioneer two checks totalling $10,000 to secure the bid. Sturdy and her husband then jointly borrowed $55,000 from a bank to apply to the purchase price. The business was incorporated as Hancock Electronics Corporation. Sturdy became president, treasurer and chief executive officer. She and her husband became directors and voted to issue 10,000 shares of common stock. Sturdy bought 5,100 shares for $5,100 and her husband bought 4,900 shares for $4,900. The funds for the stock purchase came from a bank account jointly owned by Sturdy and her husband. Sturdy has been solely responsible for the financial and operational control of the business.

The agency argues that Sturdy does not meet the requirements of its regulations, 425 Code Mass. Regs. §§ 2:02 and 2:03 (5), which require, among other things, a fifty-one percent personal investment by a woman, because the source of the funds which she used to purchase the investment was a bank account held jointly by Sturdy and her husband.

Sturdy's rejoinder is that (1) the agency had no authority to adopt regulations, and (2) she meets the statutory tests.

We have examined G. L. c. 23A, §§ 40, 41, 42, 43 and 44. These statutes created the State Office of Minority and Women Business Assistance and set forth its powers and duties. There is no suggestion in any of these statutes that the agency has the power to adopt regulations. General Laws c. 23A, § 44, which describes the powers and duties is suspiciously silent as to the agency's power to adopt regulations.[3] We conclude that there is no such power and, therefore, Sturdy is not required to meet the demands of the purported regulations.

The agency does not argue that it should have the opportunity to pass upon the question of Sturdy's compliance with the statute if the regulation is struck. Therefore, we need not address the question whether Sturdy meets the statutory standards.

Accordingly, the record clearly supports the judge's conclusion that there is no genuine issue of material fact and that Sturdy and Hancock are entitled to judgment as a matter of law.

*Judgment affirmed.*

---

[3] We do not address the validity of any regulation promulgated under G. L. c. 23A, § 39A.